IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MANUEL JIMENEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH ARPAIO,<br><br>　　　　Defendant. | No. CV-05-04051-PHX-ROS (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Manuel Jimenez (Plaintiff), address presently unknown, filed with the Clerk of the Court on December 12, 2005, a *pro se* "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has not paid the two hundred and fifty dollar ($250.00) filing fee, but he has been authorized to proceed *In Forma Pauperis*.

**RETURNED MAIL**

On January 5, 2006, the Court entered an order for payment of inmate filing fee. (Document # 3).  A copy of that order was mailed to the Plaintiff on January 9, 2006.  The copy was returned to the Clerk of Court marked "Return to Sender." and "Return to Sender

---

[1] When Plaintiff filed the Complaint, he was confined in the Maricopa County Durango Jail in Phoenix, Arizona (Durango Jail).

- 1 -

1  Attempted Not Known Unable to Forward."  (Document #5)

2  On January 18, 2006, the Court entered an order directing the Clerk of the Court to
3  mail a service packet to the Plaintiff, due for return to the Court on February 7, 2006.
4  (Document # 4) The order and service packet were mailed by the Clerk of Court to Plaintiff
5  at his last known address at the Durango Jail on January 18, 2006.  On January 27, 2006, the
6  mail was returned to the Clerk of the Court with the notations "Return to Sender," and
7  indicating that Plaintiff was released.  Since then, Plaintiff has failed to file a Notice of
8  Change of Address, or in any way to notify the Court of his whereabouts.  Thereafter the
9  Clerk of the Court researched Plaintiff's address but found no other address for Plaintiff.  The
10 Plaintiff has failed to notify this court of his change in address or of any intent to continue
11 to prosecute this case.

12 Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an
13 incarcerated litigant comply with the instructions attached to the Court-approved Complaint
14 form. Those instructions state: "You must immediately notify the clerk . . . in writing of any
15 change in your mailing address.  Failure to notify the court of any change in your mailing
16 address may result in the dismissal of your case."  (Information and Instructions for a
17 Prisoner Filing Civil Rights Complaint at 2).

18 Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply
19 with the following rules will result in your document being STRUCK and/or your case being
20 DISMISSED."  (Notice at 1).  One of the rules listed was that "[y]ou must file a Notice of
21 Change of Address if your address changes."  (Document #2).  A copy of the Notice of
22 Assignment was mailed to Plaintiff on December 12, 2005, and was not returned as
23 undeliverable to the Clerk of Court.

## FAILURE TO PROSECUTE

25 Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co.*
26 *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the
27 duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his or her
28 current address, and to comply with the Court's orders in a timely fashion.  This Court does

- 2 -

1 not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears
2 the burden of keeping the court apprised of any changes in his mailing address." *Carey v.*
3 *King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of
4 his new address constitutes failure to prosecute.

5       Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
6 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
7 move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31
8 (1962), the Supreme Court recognized that a federal district court has the inherent power to
9 dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b)
10 of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover,
11 in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
12 without notice or hearing. *Id.* at 633.

13       In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
14 the Court must weigh the following five factors: "(1) the public's interest in expeditious
15 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
16 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
17 availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v.*
18 *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the
19 imposition of sanctions in most cases, while the fourth factor cuts against a default or
20 dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."
21 *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

22       Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
23 to keep the Court informed of his address, serve Defendant, or to actively participate in this
24 case prevents the case from proceeding in the foreseeable future. The fourth factor, as
25 always, weighs against dismissal. The fifth factor requires the Court to consider whether a
26 less drastic alternative is available. Without Plaintiff's current address, however, certain
27 alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why
28 dismissal is not warranted or an order imposing sanctions would only find itself taking a

round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## RECOMMENDATION

Based on the foregoing and pursuant to 28 U.S.C. § 636(b), the Magistrate Judge recommends that the "Civil Rights Complaint By A Prisoner" [Doc. No. 1] and this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are not timely filed they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV 05-04051-PHX-ROS.**

DATED this 7th day of April, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge